Jesus Hernandez **SALDANA, Jr.,**
**Principal & Raymond Rangel,**
**Surety, Appellants,**

v.

**STATE of Texas, Appellee.**

No. 04–82–00262–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 16, 1985.

**400**

Douglas S. Daniel, San Antonio, for appellants.

Miguel Martinez, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

OPINION

CADENA, Chief Justice.

Appellant, Raymond Rangel, surety on a bail bond for Jesus Hernandez Saldana, Jr., complains of a judgment, following forfeiture of the bond, allowing him only a 50% remittitur of the amount of the bond after the principal was returned to custody. Appellant contends that he was entitled to a remittitur of 95% of the amount of the bond.

We affirm the judgment of the trial court.

On November 24, 1980, after the principal failed to appear in court, the bond was declared forfeited and a judgment *nisi* was signed on December 11, 1980.

On November 11, 1981, the principal was rearrested, and on November 19, 1981, a summary judgment on the bond was rendered against appellant. On February 22, 1982, the trial court granted appellant a 50% remittitur of the $15,000.00 bond, plus expenses of $2,100.00 incurred by appellant in procuring the return to custody of the principal.

At the time of the judgment *nisi*, the applicable statute limited the amount of remittitur to 50% of the amount of the bond. Appellant argues that since he procured the return of the principal within two years of the judgment *nisi* and after the effective date of the amendment mandating a remittitur of 95%, the trial court erred in limiting the remittitur to 50%.

■ This Court has held that TEX. REV.CIV.STAT.ANN. art. 2372p–3 § 13(b), which requires a 95% remittitur is unconstitutional. *Williams v. State*, 670 S.W.2d 717 (Tex.App.—San Antonio 1984, pet. granted). We adhere to the *Williams* decision. Since appellant's claim is based solely on the provisions of an unconstitutional legislative act, it must be rejected and there is no need to consider whether the enacted 1981 amendment is applicable to a declaration of forfeiture and a judgment *nisi* entered prior to the effective date of such amendment.

The judgment of the trial court is affirmed.